# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-89V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JOLENE WILTZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | Special Master Katherine E. Oler |
| v. | * | |
| | * | Filed: July 18, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Glen Sturtevant, Jr.*, Rawls Law Group, Richmond, VA, for Petitioner
*Meghan Murphy,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 31, 2022, Jolene Wiltz ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she suffered from Guillain-Barré syndrome as a result of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination she received on March 9, 2021. *Id*. at 1. On February 6, 2024, the parties filed a stipulation, which I adopted as my decision awarding compensation on that same day. (ECF No. 33).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On February 16, 2024, Petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 37). Petitioner requests attorneys' fees and costs in the amount of $23,289.67, representing $21,340.90 in attorneys' fees and $1,948.77 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner has indicated that she personally has not incurred any costs related to the prosecution of her petition. Ex. 13. Respondent responded to the motion on March 4, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 39). Petitioner filed her reply on March 11, 2024, requesting the requested fees and costs be awarded in full. (ECF No. 40).

This matter is now ripe for consideration.

I. **Reasonable Attorney's Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a. **Reasonable Hourly Rates**

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following rates of compensation for her attorney Mr. Glen Howard Sturtevant, Jr.: $353.00 per hour for work performed in 2020, $372.00 per hour for work performed in 2021, $392.00 per hour for work performed in 2022, $413.00 per hour for work performed in 2023, and $438.00 per hour for work performed in 2024. Ex. 11. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and I find them to be reasonable herein. *See, e.g.*, *Mann v. Sec'y of Health & Hum. Servs.*, No. 21-0374V, 2024 WL 3201945, at *2 (Fed. Cl. Spec. Mstr. May 24, 2024)*; Covey v. Sec'y of Health & Hum. Servs.*, No. 21-0400V, 2024 WL 2828400, at *2 (Fed. Cl. Spec. Mstr. Apr. 30, 2024); *Fisher v. Sec'y of Health & Hum. Servs.*, No. 22-0877V, 2024 WL 2271625, at *2 (Fed. Cl. Spec. Mstr. Apr. 17, 2024); I shall also award the requested paralegal time at the provided rates with one slight adjustment.[4] The rates for time billed between 2020-2023 have previously been awarded, but the requested paralegal rate for 2024 exceeds the Vaccine Program's published range for paralegals for that year. I shall therefore reduce the 2024 paralegal rate to $197.00 per hour. This reduced the fees to be awarded by the amount of $5.30.[5]

b.  **Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*,

---

[3] The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2020-PPI-OL.pdf.
The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf
The 2024 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2024.pdf
The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] The rates for the paralegal who worked on this matter are listed as the following: Ms. Elizabeth Garnett billed $163.00 in 2020, $172.00 in 2021, $177.00 in 2022, $186.00 in 2023, and $198.00 in 2024.

[5] Previously, Elizabeth Garnett billed 5.3 hours at $198.00 = $1,049.40. Now, the corrected rate is 5.3 hours at $197.00 = $1,044.10. This is a difference of $5.30.

18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $21,335.60.

    c. **Attorney's Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,948.77 in attorneys' costs. This amount is comprised of acquiring medical records, postage and FedEx fees, and the Court's filing fee. Ex. 11-12. Petitioner has provided adequate documentation supporting all requested costs and Respondent also has not identified any specific costs as objectionable. I find these costs to be reasonable and shall fully reimburse them.

**II.   Conclusion**

Accordingly, I **GRANT IN PART** Petitioner's application, as follows:

- A lump sum in the amount of **$23,284.37** representing reimbursement for reasonable attorney's fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney Glen Howard Sturtevant, Jr.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

    IT IS SO ORDERED.

                                        **/s/ Katherine E. Oler**
                                        Katherine E. Oler
                                        Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.